# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SMARTPHONE TECHNOLOGIES LLC., | ) |
| Plaintiff, | ) |
| v. | )  Civil Action No. 6:11cv604 |
| APPLE, INC. | )  JURY TRIAL DEMANDED |
| AT&T, Inc., | ) |
| -and- | ) |
| AT&T MOBILITY LLC, | ) |
| Defendants. | ) |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, SmartPhone Technologies, Inc. ("SmartPhone"), complains against defendants, Apple, Inc. ("Apple"), AT&T, Inc. and AT&T Mobility LLC, as follows:

## THE PARTIES

1.      SmartPhone is a Texas limited liability company with its principal place of business at 6136 Frisco Square Boulevard, Suite 385, Frisco, Texas 75034.

2.      On information and belief, Apple is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014 and does business in this judicial district at 6121 West Park Boulevard, Plano, Texas 75093 and by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Apple's registered agent for service of process in Texas is CT Corporation

06006072

System, 350 N. St. Paul St., Dallas, Texas 75201.

3.      On information and belief, AT&T, Inc. is a Delaware corporation with a principal place of business at 208 Akard St., Dallas, Texas 75202 and does business in this judicial district by, among other things, committing directly and/or indirectly, the tort of patent infringement giving rise to this complaint.  AT&T, Inc.'s registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

4.      On information and belief AT&T Mobility, LLC is a Delaware limited liability corporation with a principal place of business at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, Georgia 31132 and does business in this judicial district at 8700 Preston Road, Suite 117, Plano, Texas 75024 and by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint. ATTM's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

5.      Defendants AT&T, Inc. and AT&T Mobility LLC are collectively referred to herein as "AT&T."

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each defendant has purposely transacted business involving their accused products in this judicial district and has committed acts of direct and/or indirect infringement in this judicial district.

8.      On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their conducting substantial business in this forum including: (A) at least part of their infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in other persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

## COUNT I
### (Infringement of U.S. Patent No. 6,976,217)

9.      SmartPhone repeats and realleges paragraphs 1-8 above.

10.     SmartPhone is the exclusive licensee of United States patent number 6,976,217 entitled "METHOD AND APPARATUS FOR INTEGRATING PHONE AND PDA USER INTERFACE IN A SINGLE PROCESSOR" ("the '217 patent") with ownership of all substantial rights in the '217 patent, including the right to exclude others from practicing the inventions claimed therein and to sue and recover damages for past and future infringement thereof.  A true and correct copy of the '217 patent is attached as Exhibit A.

11.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '217 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing devices and/or services, including iPhones, iPads, iCloud, iTunes, MacBooks and/or Apple Sync Services (together "Apple devices"), that feature integrated phone and PDA user interface on a single processor.  Apple and/or other users of iPhones have at a minimum directly infringed the '217 patent and Apple is thereby liable for infringement of the '217 patent pursuant to 35 U.S.C. § 271.  Apple's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

12.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '217 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing one or more Apple devices that feature integrated phone and PDA user interface on a single processor.  AT&T and/or other users of iPhones have at a minimum directly infringed the '217 patent and AT&T is thereby liable for infringement of the '217 patent pursuant to 35 U.S.C. § 271. AT&T's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T is enjoined.

13.     On information and belief, Apple and AT&T make, use, offer for sale, sell and/or import the infringing devices aforesaid pursuant to one or more contractual agreements between them that relate to the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly and severally liable for the infringement described in this Count.

14.     The infringement of the '217 patent by Apple and AT&T has caused injury to SmartPhone for which remedies at law are inadequate.  Considering the balance of hardships between SmartPhone and the defendants, a remedy in equity such as a permanent injunction is warranted and would be in the public interest.

### COUNT II
### (Infringement of U.S. Patent No. 6,928,300)

15.     SmartPhone repeats and realleges paragraphs 1-8 above.

16.     SmartPhone is the exclusive licensee of United States patent number 6,928,300 entitled "METHOD AND APPARATUS FOR AUTOMATED FLEXIBLE CONFIGURING OF NOTIFICATIONS AND ACTIVATION" ("the '300 patent") with ownership of all substantial rights in the '300 patent, including the right to exclude others

4

from practicing the inventions claimed therein and to sue and recover damages for past and future infringement thereof.  A true and correct copy of the '300 patent is attached as Exhibit B.

17.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '300 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing devices and/or services, including iPhones, iPads, iCloud, iTunes, MacBooks and/or Apple Sync Services (together "Apple devices"), that feature automated flexible configuring of notifications and/or activations.  Apple and/or other users of iPhones have at a minimum directly infringed the '300 patent and Apple is thereby liable for infringement of the '300 patent pursuant to 35 U.S.C. § 271.  Apple's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

18.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '300 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing one or more Apple devices that feature automated flexible configuring of notifications and/or activations. AT&T and/or other users of iPhones have at a minimum directly infringed the '300 patent and AT&T is thereby liable for infringement of the '300 patent pursuant to 35 U.S.C. § 271. AT&T's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T is enjoined.

19.     On information and belief, Apple and AT&T make, use, offer for sale, sell and/or import the infringing devices aforesaid pursuant to one or more contractual agreements between them that relate to the distribution and sale of such devices.

Accordingly, Apple and AT&T are jointly and severally liable for the infringement described in this Count.

20.     The infringement of the '300 patent by Apple and AT&T has caused injury to SmartPhone for which remedies at law are inadequate.  Considering the balance of hardships between SmartPhone and the defendants, a remedy in equity such as a permanent injunction is warranted and would be in the public interest.

## COUNT III
### (Infringement of U.S. Patent No. 6,466,236)

21.     SmartPhone repeats and realleges paragraphs 1-8 above.

22.     SmartPhone is the exclusive licensee of United States patent number 6,466,236 entitled "SYSTEM AND METHOD FOR DISPLAYING AND MANIPULATING MULTIPLE CALENDARS ON A PERSONAL DIGITAL ASSISTANT" ("the '236 patent") with ownership of all substantial rights in the '236 patent, including the right to exclude others from practicing the inventions claimed therein and to sue and recover damages for past and future infringement thereof.  A true and correct copy of the '236 patent is attached as Exhibit C.

23.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '236 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing devices and/or services, including iPhones, iPads, iCloud, iTunes, MacBooks and/or Apple Sync Services (together "Apple devices"), that display and manipulate multiple calendars on a personal digital assistant.  Apple and/or other users of iPhones have at a minimum directly infringed the '236 patent and Apple is thereby liable for infringement of the '236 patent pursuant to 35 U.S.C. § 271.  Apple's infringement has caused damage to SmartPhone, which infringement

and damage will continue unless and until Apple is enjoined.

24.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '236 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing one or more Apple devices, including iPhones, that display and manipulate multiple calendars on a personal digital assistant.  AT&T and/or other users of iPhones have at a minimum directly infringed the '236 patent and AT&T is thereby liable for infringement of the '236 patent pursuant to 35 U.S.C. § 271.  AT&T's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T is enjoined.

25.     On information and belief, Apple and AT&T make, use, offer for sale, sell and/or import the infringing devices aforesaid pursuant to one or more contractual agreements between them that relate to the distribution and sale of such devices.  Accordingly, Apple and AT&T are jointly and severally liable for the infringement described in this Count.

26.     The infringement of the '236 patent by Apple and AT&T has caused injury to SmartPhone for which remedies at law are inadequate.  Considering the balance of hardships between SmartPhone and the defendants, a remedy in equity such as a permanent injunction is warranted and would be in the public interest.

## COUNT IV
### (Infringement of U.S. Patent No. 6,243,705)

27.     SmartPhone repeats and realleges paragraphs 1-8 above.

28.     SmartPhone is the exclusive licensee of United States patent number 6,243,705 entitled "METHOD AND APPARATUS FOR SYNCHRONIZING INFORMATION ON TWO DIFFERENT COMPUTER SYSTEMS" ("the '705 patent")

7

with ownership of all substantial rights in the '705 patent, including the right to exclude others from practicing the inventions claimed therein and to sue and recover damages for past and future infringement thereof.  A true and correct copy of the '705 patent is attached as Exhibit D.

   29. On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '705 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing Apple devices and/or services, including iPhones, iPads, iCloud, iTunes, MacBooks and/or Apple Sync Services (together "Apple devices"), that synchronize information on two different computer systems. Apple and/or other users of iPhones have at a minimum directly infringed the '705 patent and Apple is thereby liable for infringement of the '705 patent pursuant to 35 U.S.C. § 271. Apple's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

   30. On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '705 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing one or more Apple devices that synchronize information on two different computer cytems.  AT&T and/or other users of iPhones have at a minimum directly infringed the '705 patent and AT&T is thereby liable for infringement of the '705 patent pursuant to 35 U.S.C. § 271.  AT&T's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T is enjoined.

   31. On information and belief, Apple and AT&T make, use, offer for sale, sell and/or import the infringing devices aforesaid pursuant to one or more contractual

agreements between them that relate to the distribution and sale of such devices.

Accordingly, Apple and AT&T are jointly and severally liable for the infringement described

in this Count.

32.     The infringement of the '705 patent by Apple and AT&T has caused injury to

SmartPhone for which remedies at law are inadequate.  Considering the balance of hardships

between SmartPhone and the defendants, a remedy in equity such as a permanent injunction

is warranted and would be in the public interest.

**COUNT V**
**(Infringement of U.S. Patent No. 5,832,489)**

33.     SmartPhone repeats and realleges paragraphs 1-8 above.

34.     SmartPhone is the exclusive licensee of United States patent number

5,832,489 entitled "METHOD AND APPARATUS FOR SYNCHRONIZING

INFORMATION ON TWO DIFFERENT COMPUTER SYSTEMS" ("the '489 patent")

with ownership of all substantial rights in the '489 patent, including the right to exclude

others from practicing the inventions claimed therein and to sue and recover damages for past

and future infringement thereof.  A true and correct copy of the '489 patent is attached as

Exhibit E.

35.     On information and belief, Apple is directly and/or indirectly infringing at

least one claim of the '489 patent in this judicial district and elsewhere in Texas by, among

other things, making, using, offering for sale, selling and/or importing devices and/or

services, including iPhones, iPads, iCloud, iTunes, MacBooks and/or Apple Sync Services

(together "Apple devices"), that synchronize information on two different computer systems.

Apple and/or other users of iPhones have at a minimum directly infringed the '489 patent and

Apple is thereby liable for infringement of the '489 patent pursuant to 35 U.S.C. § 271.

9

Apple's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

36.     On information and belief, AT&T is directly and/or indirectly infringing at least one claim of the '489 patent in this judicial district and elsewhere in Texas by, among other things, making, using, offering for sale, selling and/or importing one or more Apple devices that synchronize information on two different computer systems.  AT&T and/or other users of iPhones have at a minimum directly infringed the '489 patent and AT&T is thereby liable for infringement of the '489 patent pursuant to 35 U.S.C. § 271.  AT&T's infringement has caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T is enjoined.

37.     On information and belief, Apple and AT&T make, use, offer for sale, sell and/or import the infringing devices aforesaid pursuant to one or more contractual agreements between them that relate to the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly and severally liable for the infringement described in this Count.

38.     The infringement of the '489 patent by Apple and AT&T has caused injury to SmartPhone for which remedies at law are inadequate.  Considering the balance of hardships between SmartPhone and the defendants, a remedy in equity such as a permanent injunction is warranted and would be in the public interest.

**COUNT VI**
**(Infringement of U.S. Patent No. 6,956,562)**

39.     SmartPhone repeats and realleges paragraphs 1-8 above.

40.     SmartPhone is the exclusive licensee of United States patent number 6,956,562 entitled "METHODS FOR CONTROLLING A HANDHELD COMPUTER BY

10

ENTERING COMMANDS ONTO A DISPLAYED FEATURE OF THE HANDHELD

COMPUTER" ("the '562 patent") with ownership of all substantial rights in the '562 patent,

including the right to exclude others from practicing the inventions claimed therein and to

sue and recover damages for past and future infringement thereof. A true and correct copy of

the '562 patent is attached as Exhibit F.

41.     On information and belief, Apple is directly and/or indirectly infringing at

least one claim of the '562 patent in this judicial district and elsewhere in Texas by, among

other things, making, using, offering for sale, selling and/or importing devices and/or

services, including iPhones, iPads, iCloud, iTunes, MacBooks and/or Apple Sync Services

(together "Apple devices"), that are controlled by entering commands onto a displayed

feature of the handheld computer. Apple and/or other users of iPhones have at a minimum

directly infringed the '562 patent and Apple is thereby liable for infringement of the '562

patent pursuant to 35 U.S.C. § 271. Apple's infringement has caused damage to

SmartPhone, which infringement and damage will continue unless and until Apple is

enjoined.

42.     On information and belief, AT&T is directly and/or indirectly infringing at

least one claim of the '562 patent in this judicial district and elsewhere in Texas by, among

other things, making, using, offering for sale, selling and/or importing one or more Apple

devices, including iPhones, that are controlled by entering commands onto a displayed

feature of the handheld computer. AT&T and/or other users of iPhones have at a minimum

directly infringed the '562 patent and AT&T is thereby liable for infringement of the '562

patent pursuant to 35 U.S.C. § 271. AT&T's infringement has caused damage to

SmartPhone, which infringement and damage will continue unless and until AT&T is

enjoined.

43.     On information and belief, Apple and AT&T make, use, offer for sale, sell and/or import the infringing devices aforesaid pursuant to one or more contractual agreements between them that relate to the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly and severally liable for the infringement described in this Count.

44.     The infringement of the '562 patent by Apple and AT&T has caused injury to SmartPhone for which remedies at law are inadequate.  Considering the balance of hardships between SmartPhone and the defendants, a remedy in equity such as a permanent injunction is warranted and would be in the public interest.

## PRAYER FOR RELIEF

WHEREFORE, SmartPhone respectfully requests that this Court:

A.     Enter judgment in favor of SmartPhone that Apple and AT&T have each infringed the patents-in-suit as aforesaid;

B.     Grant a permanent injunction enjoining Apple and AT&T, their officers, directors, agents, servants, affiliates, employees, divisions, subsidiaries, branches, parents and all others acting in concert or privity therewith from any and all further infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

C.     Enter judgment finding Apple and AT&T jointly and severally liable to SmartPhone and ordering Apple and AT&T to pay SmartPhone its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284 and an ongoing royalty; and

D.     Grant any and all further relief to which the Court may deem SmartPhone entitled.

## DEMAND FOR JURY TRIAL

SmartPhone requests a trial by jury on all issues so triable by right pursuant to Fed.

R. Civ. P. 38.

**SMARTPHONE TECHNOLOGIES LLC**

Dated:  November 9, 2011

By:   /s/ John Ward, Jr.
T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
**WARD & SMITH LAW FIRM**
111 W. Tyler Street
Longview, TX  75601
Tel:  (903)-757-6400
Fax:  (903) 757-2323
Email:
jw@wsfirm.com
wh@wsfirm.com

Of Counsel:

Paul J. Hayes
Dean G. Bostock
**HAYES BOSTOCK & CRONIN LLC,**
300 Brickstone Square, 9th Floor
Andover, MA  01810
Tel: (978) 809-3850
Fax: (978) 809-3869

**Attorneys for Plaintiff**
**SmartPhone Technologies LLC.**